

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| William A. Payne, | : | Case No. 1:09CV1795 |
| | : | |
| Petitioner | : | Judge Dan Aaron Polster |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| David Bobby, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the

constitutionality of the third sentencing imposed upon his June 17, 2004 conviction, pursuant to a

jury trial, of conspiracy to commit aggravated robbery, conspiracy to commit aggravated

burglary, and conspiracy to commit kidnapping, each of the foregoing bearing specifications for

having been a repeat violent offender; and aggravated theft, with a firearm specification.[1]

Petitioner was originally sentenced to eight years incarceration on the first three main

charges, five years for aggravated theft, ten years on the repeat violent offender specification, and

three years on the firearm specification, with all sentences to run consecutively for an aggregate

of forty-two years incarceration.

---

[1]Petitioner was acquitted on two counts of aggravated robbery and one count of
aggravated burglary, one count of kidnapping and one count of felonious assault, each of those
counts with repeat violent offender and firearm specifications.

1

Petitioner appealed his convictions to the Ohio Eleventh District Court of Appeals alleging five assignments of error:

> I.  The trial court erred to prejudice of the defendant when the trial court overruled the motion to dismiss of the defendant under R.C. 2945.71.
>
> II.  The trial court erred to prejudice of the defendant when the trial court overruled the defendant's motion to disclose the identity of the confidential informant.
>
> III.  The trial court erred to prejudice of the defendant when the trial court overruled the defendant's motion under Ohio Rules of Criminal Procedure, Rule 29.
>
> IV.  The trial court erred to prejudice of the defendant when the trial court sentenced defendant to consecutive sentences in violation of R.C. 2945.25.
>
> V.  The trial court erred to prejudice of the defendant when the trial court sentenced defendant to consecutive sentences enhanced on the strength of findings of fact nor determined by the jury beyond a reasonable doubt.

On December 29, 2005 the appellate court affirmed the convictions, but vacated the sentences and remanded the case for re-sentencing consistent with applicable decisions of the United States Supreme Court.

On November 9, 2006 petitioner was re-sentenced to eight years incarceration on the first three main charges, but by order of the state appellate court those counts were to be merged and the eight year sentence on the merged count was to be served consecutive to five years for aggravated theft, ten years on the repeat violent offender specification, and three years on the firearm specification, for an aggregate sentence of twenty-six years.

Petitioner appealed his re-sentencing to the Ohio Eleventh District Court of Appeals

2

alleging the following four assignments of error:

> I. Trial court erred when it enhanced defendant's sentence based on its finding that defendant was a repeat violent offender and the trial court was free to sentence defendant *de novo* this court's previous opinion notwithstanding.
>
> II. Trial court erred when it enhanced defendant's sentence based on its finding that defendant was a repeat violent offender because the Foster opinion had not addressed or resolved the constitutionality of the repeat violent offender provisions regarding sentencing.
>
> III. Trial court erred when it enhanced defendant's sentence based on its finding that defendant was a repeat violent offender and the repeat violent offender statute as amended in August 3, 2006, was applicable to him.
>
> IV. Trial court erred when it imposed a consecutive five year sentence for aggravated theft.

On December 17, 2007 the appellate court remanded petitioner's case for re-sentencing on the repeat violent offender specification. The court also analyzed, and overruled, the remaining claims for relief.

On January 30, 2008, petitioner, acting pro se, appealed the appellate court ruling to the Ohio Supreme Court alleging the following sole proposition of law:

> **Proposition of Law No. I**: A sentencing court may not retroactively apply Ohio Revised Code 2929.01 (DD) to a [sic] appellant who committed the offense and was convicted before the repeat violent offender statute was amended in August 3, 2006.

On June 9, 2008 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On July 31, 2008 the petitioner was sentenced a third time to the same sentence imposed upon his previous re-sentencing, resulting in an aggregate of twenty-six years incarceration.

3

Petitioner did not appeal his re-re-sentencing.

Petitioner, represented by counsel, filed the instant petition on August 3, 2009.  In his petition he neglected to articulate a clear claim for relief in habeas corpus, but, instead, after the heading requesting "supporting facts," set forth the procedural history of his case.  A more revealing statement describing petitioner's intended claim for relief in habeas corpus was presented in response to the question as to whether petitioner had exhausted his state remedies on Ground One, wherein petitioner argued that "The issue of the retrospective application of Ohio's new sentencing regime to the prejudice of Petitioner in violation of the prohibition against ex post facto application of a criminal law," had been exhausted in the state courts.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The respondent argues at the outset that, as best interpreted, petitioner's sole claim for relief has not been exhausted in the state courts and, therefore, is subject to dismissal on that basis.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987).  Such doctrine, although not of a jurisdictional nature, is based upon issues of comity, allowing the state courts the opportunity to correct any constitutional violation that may have occurred in its courts, as well as creating a complete record for review should the case eventually be heard in federal habeas

4

corpus.  Hafley v. Sowders, 902 F.2d 480, 482 (6th Cir. 1990).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.3d 322, 326 (6th Cir. 1987), cert. denied, 532 U.S. 958 (2001). Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004). It is not enough to present the facts giving rise to the federal claim articulated in the habeas corpus petition; a petitioner must present the same legal theory to the state courts as is presented to the federal court in order to preserve the claim. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). Even if a claim is related, but distinct, the claim is nonetheless defaulted. Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001).

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and would be barred from pursuing relief on that claim in the state courts, the petition should not be dismissed for failure of exhaustion, in light of the fact that there would be no available state remedies to exhaust. Hannah v. Conley, supra at 1195-96; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). Under a longstanding Ohio procedural rule, a claim which could have been but was not raised on direct appeal would be barred from being raised in a delayed appeal or in a petition for post-conviction relief. See, Collins v. Perini, 594 F.2d 592, 593 (6th

5

Cir. 1978).  However, the petitioner must then demonstrate cause for failure to fairly present the
claims to the state courts and actual prejudice to petitioner's defense at trial or on appeal.  Gray v.
Netherland, supra at 162;  Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Deitz v. Money,
391 F.3d 804, 808 (6th Cir. 2004).

A claim is deemed exhausted even if it has not been presented to the state's highest court
when the petitioner is foreclosed from raising it in that forum either because the time for filing
has expired or the petitioner is otherwise procedurally precluded from raising it.  When a
petitioner fails to appeal a claim to a state's highest court and when the opportunity to do so is
lost, the petitioner is said to have procedurally defaulted the claim and must prove cause and
prejudice for such default.  Wainwright v. Sykes, 433 U.S. 72, 87 (1977).  Under this standard of
review a petitioner must show "cause for the noncompliance and . . . actual prejudice resulting
from the alleged constitutional violation."  Id. at 84.

The Sixth Circuit, in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), delineated a four-
part test for determining whether a habeas petitioner's claim is procedurally defaulted by the
failure to observe a state procedural rule.  First, the district court must determine whether there
exists a state procedural rule with which the petitioner failed to comply.  Then the court must
determine whether the state court enforced the sanction for failure to comply.  If so, it must next
be decided whether failure to comply with the state procedural rule constitutes an adequate and
independent ground for barring review of the federal constitutional claim.  If all these questions
are answered in the affirmative, the petitioner must satisfy the requirements set forth in
Wainwright v. Sykes, 433 U.S. 72, 138 (1977) that he demonstrate cause for having failed to
follow the procedural rule in question and that he was actually prejudiced by the alleged

6

constitutional error.  Greer v. Mitchell, 264 F.3d 663, 672-73 (6th Cir. 2001), cert. denied, 535

U.S. 940 (2002);  Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986).  Accord, Lancaster v.

Adams, supra at 436.

    According to the respondent, the petitioner's claim for relief has not been exhausted due

to his failure to raise the issue before the state appellate court after his third sentencing.  In so

arguing, the respondent concedes that the petitioner did raise this argument on appeal of his

second sentencing, but claims that petitioner must nonetheless raise the claim again on appeal of

his third sentencing.  Respondent asserts that petitioner still has available to him a delayed appeal

to the state appellate court.

    The decision of the appellate court on appeal of petitioner's second sentencing contains

detailed analysis of issues pertaining to the repeat violent offender enhancement applied to

petitioner, including the following:

> In his second and third assignments of error, Mr. Payne contends
> that the trial court erred by sentencing him post-*Foster* [*State v.
> Foster*, 109 Ohio St.3d 1 (2006)] as a repeat violent offender.
> According to Mr. Payne, *Foster* declined to address and left
> unresolved the constitutionality of the RVO provisions regarding
> sentencing.  Secondly, in his fourth assignment of error, Mr. Payne
> argues that the court erred in finding that the repeat violent
> offender statutes, R.C. 2941.149 and R.C. 2929.14(D), as amended
> in August 3, 2006, were applicable to him.  We find his argument
> to have some merit in part since the court improperly made judicial
> findings of fact in sentencing him to the maximum term of ten
> years for the RVO specification.
>
> In *Foster*, the Supreme Court of Ohio severed the unconstitutional
> portions of R.C. 2929.14(D)(2) that required the trial court to
> engage in fact finding before enhancing a defendant's sentence for
> repeat violent offender specifications.  Thus, the court stated: "R.C.
> 2929.14(D)(2)(b) and (D)(3)(b) are capable of being severed.
> After the severance judicial factfinding is not required before

7

imposition of additional penalties for repeat violent offender and
major drug offender specifications. (*Booker* [*U.S. v. Booker*, 543
U.S. 220 (2005)] followed.)." *Foster* at paragraph six of the
syllabus.

Recently, in *State v. Adams*, 11th Dist. No. 2006-L-114, 2007-Ohio-
24434, we interpreted *Foster's* discussion and severance of the
repeat violent offender statute, R.C. 2941.149.  We rejected the
appellant's argument that penalty enhancements of repeat violent
offenders and major drug offenders have been abolished and said:
"A more legally sound understanding of these words is that only
the requirement to make factual findings before imposing 'the add-
on' has been severed.  This understanding of the dicta is consistent
with the syllabus and reason of *Foster* and the underlying issue in
*Chandler*." Id. at ¶27.  See, also, *State v. Roberson*, 8th Dist. No.
88338, 2007-Ohio-2772, ¶10 ("Thus, a judge may impose an
additional one to ten-year sentence on the repeat violent offender
specification without judicial fact-finding").

Thus, the trial court is within full discretion to enhance Mr.
Payne's sentence for the repeat violent offender specification up to
the maximum of ten years, especially given the circumstances
presented here where the court found the instant case to be a "truly
heinous crime" and Mr. Payne has previous convictions for first
and second degree felonies that were violent offenses.  However,
we do find that the rial court abused its discretion since the court
erred insofar as it made explicit findings of fact in making its
determination that Mr. Payne was a RVO.

*Foster* and its progeny made clear that judicial fact-finding in
sentencing is unconstitutional, and therefore, explicit fact-finding
must be distinguished from considerations the court reviews on the
record in making its sentencing determination....

* * * * *

Thus, similarly here, we find that Mr. Payne is entitled to a new
sentencing hearing.  Upon remand, the court is instructed to
sentence Mr. Payne within the one to ten-year range for the RVO
specification, since he previously pled guilty to a felony that is
classified as an offense of violence pursuant to R.C.
2929.01(DD)(1)(1) and (2).

8

Aggravated robbery is a felony of the first degree, in violation of R.C. 2911.01, and is classified by the legislature as an "offense of violence" pursuant to R.C. 2901.01(A)(9)(a).  Thus, there is no doubt that the RVO specification is applicable to this case....

\* \* \* \* \*

In his third assignment of error, Mr. Payne also contends that the trial court erred in finding that he was a RVO and that the RVO statutes, R.C. 2929.149 and 2929.14(D)(2)(a), as amended August 3, 2006, were inapplicable to him since the statutes were amended after his conviction.  **In this respect, Mr. Payne argues that the RVO statute as amended is an ex post facto application and that he would not have received ten years under the former statutory RVO regime pre-*Foster*.  Further, Mr. Payne argues that even if he was sentenced under the amended versions of R.C. 2929.149 and 2929.14(D)(2), the trial court erred since he did not receive proper notice and had no opportunity to object.**  We disagree.

In *State v. Elswick*, 11th Dist. No. 2006-L-0075, 2006-Ohio-7011, we determined that "*Foster* did not contravene the federal constitutional guarantee of due process, and prohibition against ex post facto laws, since it did not affect a defendant's right to a sentencing hearing; did not alter the statutory range of sentences available to trial courts for any particular degree of crime, and, because the potential for a judicial declaration that certain portions of Ohio's sentencing statutes were unconstitutional was prefigured by the decisions of the United States Supreme Court in *Apprendi* and *Blakely*." *State v. Lewis*, 11th Dist. No. 2006-L-224, 2007-Ohio-3014, ¶40, citing *State v. Ashley*, 11th Dist. No. 2006-L-123, 2007-Ohio-690, ¶16. See, also, *State v. Green*, 11th Dist. Nos. 2005-A-0069 and 2007-A-0070, 2006-Ohio-6695; *State v. Asbury*, 11th Dist. No. 2006-L-97, 2007-Ohio-1073; *State v. Anderson*, 11th Dist. No. 2006-L-142, 2007-Ohio-1062; *State v. Spicuzza*, 11th Dist. No. 2006-L-141, 2007-Ohio-783.

As applied to this case, Mr. Payne had proper notice regardless of whether the August 3, 2006 amended version of R.C. 2929.149 was applied since he was properly informed in the indictment raised against him, and further had the opportunity to object at the resentencing hearing, which was properly conducted de novo. Thus, we find Mr. Payne's argument to have little merit in this

9

respect.

Mr. Payne's second assignment of error is sustained and remanded in part.

Mr. Payne's third assignment of error is without merit.

(Emphasis added.)

The respondent suggests in these proceedings that this Court recommend that petitioner file a delayed appeal with that same appellate court in which he would assert the same issue he argued in his prior appeal, i.e., whether "the RVO [repeat violent offender] statute as amended is an ex post facto application and [whether] he would not have received ten years under the former statutory RVO regime pre-*Foster*." This Court does not agree, as to do so would undoubtedly result in a finding of res judicata, and, therefore, would be a futile exercise.

As regards the merits of petitioner's claim for relief, as this Court understands it, the role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

10

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings; Williams v. Taylor, 529 U.S. 420 (2000), with the state court adjudication being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court];" and with the state court adjudication involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520.   In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521. Even if the state court decision resulted in an incorrect application of federal law, if that decision is reasonable it will stand. Id. See, Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000).

The Ex Post Facto Clause provides that "no State shall...pass any...ex post facto Law." U.S. Constitution, Art. I., §10, cl.1. Ex Post Facto Clause challenges to the Foster decision have been repeatedly denied by Ohio state courts. State v. Swann, 171 Ohio App.3d 304, 314, 870 N.E.2d 754, 762 (2007), reversed on other grounds, 119 Ohio St.3d 552 (2008); State v. Sharp,

11

unreported, Case No. 89295, 2007 Ohio App. LEXIS 5549 (Ct.App.Cuy.Cnty. 2007); State v. McGhee, unreported, Case No. 17-06-05, 2006 Ohio App. LEXIS 5102 (Ct.App. Shelby Cnty. 2006). The McGhee court premised its decision that there had been no violation of the Ex Post Facto Clause in part on the fact that the defendant "knew the potential statutory sentence for committing a first degree felony, ...had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and ...was unlikely to amend his criminal behavior in light of a sentencing change." McGhee, supra at ¶20. The Sharp court determined that "the sentencing range was the same at the time [the defendant] committed the offenses as when he was sentenced," and the Foster case "did not judicially increase the range of his sentence." Sharp, supra at ¶10.

Ex Post Facto Clause challenges to the Booker[2] decision have been repeatedly denied by the federal courts. United States v. Barton, 455 F.3d 649, 657 (6th Cir. 2006), cert. denied, 127 S.Ct. 748 (2006); United States v. Davenport, 455 F.3d 366 (4th Cir. 2006); United States v. Austin, 432 F.3d 598, 599-600 (5th Cir. 2005); United States v. Vaughn, 430 F.3d 518 (2nd Cir. 2005), cert. denied, 547 U.S. 1060 (2006); United States v. Perez-Ruiz, 421 F.3d 11 (1st Cir. 2005), cert. denied, 546 U.S. 1120 (2006); United States v. Dupas, 419 F.3d 916, (9th Cir. 2005), cert. denied, 547 U.S. 1011 (2006); United States v. Jamison, 416 F.3d 538 (7th Cir. 2005) ("Jamison also had fair warning that distributing cocaine base was punishable by a prison term of up to twenty years, as spelled out in the United States Code. Jamison had sufficient warning of the possible consequences of his actions, and his sentence does not run afoul of any of the core concepts discussed in Rogers.")

---

[2]Significant in light of the fact that the Foster and Booker decisions employed similar rationales to craft similar remedies.

Notably, Ex Post Facto challenges similar to that raised by the petitioner have been rejected by judges in this district.  Watkins v. Williams, Case No. 3:07CV1296 (N.D.Ohio June 17, 2008) (J. Adams) (The Foster decision did not violate due process as it did not alter the fact that the defendant was well aware of the maximum penalty he faced at the time of his crime.); Lyles v. Jeffreys, Case No. 3:07CV1315 (N.D.Ohio April 24, 2008) (J. Oliver) (The trial court's re-sentencing did not violate petitioner's Due Process right not to be re-sentenced pursuant to a law which violates the Ex Post Facto Clause, as petitioner "had fair notice of the acts that were prohibited and the degree of punishment which the Ohio legislature wished to impose on those who committed those acts."); McGhee v. Konteh, Case No. 1:07CV1408 (N.D.Ohio Feb. 1, 2008) (J. Nugent) (Affirming Magistrate Judge Limbert's conclusion that "Since the Foster decision does not change the elements necessary to convict Petitioner or the potential maximum sentence that Petitioner faced for a first degree felony, Foster does not raise an ex post facto-type due process violation.  Moreover, the trial judge's application of Foster to Petitioner's case in particular did not violate Apprendi because he did not sentence Petitioner beyond the statutory maximum.")

The state appellate court decision, cited in pertinent part herein, rejected petitioner's assertions that the repeat violent offender enhancement to his sentence upon re-sentencing violated his right not to be sentenced pursuant to a law which violated the Ex Post Facto Clause, in light of the fact that petitioner "had proper notice regardless of whether the August 3, 2006 amended version of R.C. 2929.149 was applied since he was properly informed in the indictment raised against him, and further had the opportunity to object at the resentencing hearing, which was properly conducted de novo."  Petitioner has failed to show that the state appellate court

13

decision upholding his re-sentencing resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law, as determined by the United States

Supreme Court, nor that the decision was based upon an unreasonable determination of the facts

in light of the evidence presented.

It follows that petitioner's claim for relief, as respondent and this Court understand it, is

without merit.

In light of all the foregoing it is concluded that no claim of constitutional violation has

been presented requiring further proceedings prior to disposition on the merits.

It is, therefore, recommended that the petition be dismissed without further proceedings.


DAVID S. PERELMAN
United States Magistrate Judge


DATE:   May 18, 2010



## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts
within ten (10) days of receipt of this notice.  Failure to file objections within the specified time
waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th
Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

14